UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-00663-JAR |
| | ) | |
| LAVONTA GLENTWON GALLION, | ) | |
| | ) | |
| Defendant. | ) | |

## **GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree as follows:

### 1. **PARTIES**

The parties are the defendant Lavonta Glentwon GALLION, represented by defense counsel Jermaine Wooten, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. **GUILTY PLEA**

Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I and II of the Indictment, the Government agrees to dismiss Counts III, IV, and V at the time of Sentencing. Furthermore, the Government agrees that no further federal prosecution will be brought in this District relative to the distribution of

1

heroin and fentanyl, as well as his illegal possession of firearms, between February 19, 2020 and March 19, 2021, of which the Government is aware at this time.

Furthermore, the parties agree that, regardless to the applicable Sentencing Guidelines agreed to herein, the parties will jointly recommend a sentence of 44 months on Counts I and II, at the time of defendant's sentencing. The parties recognize that this recommendation is not binding upon the Court.

Finally, the defendant also agrees, pursuant to the guilty plea to Counts One, Two ~~and~~ *and* Three, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to:

    a.    Approximately $11,543.00 U.S. Currency;

    b.    2014 Jeep Grand Cherokee, VIN: 1C4RJFDJ6EC498477;

    c.    2012 Audi A5 Coupe, VIN: WAULFAFR0CA000647; and

    d.    A Sturm Ruger MINI 14 .223 caliber Rifle, with ammunition and attachments.

## 3. ELEMENTS

As to Count I, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) On February 19, 2020, in the City of St. Louis, within the Eastern District of Missouri, the defendant knowingly possessed a mixture or substance containing a detectable amount of heroin; and

(b) The defendant intended to distribute said heroin.

2

As to Count II, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) On February 19, 2020, in the City of St. Louis, within the Eastern District of Missouri, the defendant knowingly possessed a mixture or substance containing a detectable amount of fentanyl; and

(b) The defendant intended to distribute said fentanyl.

## 4.   **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On February 19, 2020, officers with the St. Louis Metropolitan Police Department (SLMPD) observed defendant Lavonta GALLION walking toward an ATM machine in the downtown area of the City of St. Louis. As officers continued to approach, they observed GALLION reach into a black satchel he was wearing and pull out what appeared to be the magazine of a firearm. Due to their observation, officers activated the lights in their covert vehicle to further investigate. Once their lights were activated, GALLION fled on foot and officers pursued him. While fleeing, GALLION removed the satchel from his person and threw it in the rear of the Majestic Hotel at 1019 Pine Street. GALLION continued his flight until he returned to a white Toyota Camry. Officers were ultimately able to take GALLION into custody and seize the satchel that he discarded during his flight. The satchel contained a Glock 37 Model, .45 caliber pistol along with what laboratory analysis confirmed to be 13.66 grams of heroin and 8.34 grams

3

of fentanyl. Testimony at trial would establish that these amounts of heroin and fentanyl are consistent with an intent to distribute the substances.

Investigators with the Federal Bureau of Investigation (FBI) continued an investigation into GALLION beginning in 2021. In February of 2021, investigators conducted a controlled purchase of fentanyl from GALLION for what lab analysis determined to be 11.88 grams. In March of 2021, a confidential informant purchased an additional 8.92 grams of fentanyl from GALLION. These controlled purchases culminated in search warrants being conducted at two residences associated with GALLION: 762 Del Marco Drive and 4552 Elmbank, both within the Eastern District of Missouri. During those search warrants, investigators located digital scales, blenders, pill presses and Quinine, all items used in the preparation and packaging of fentanyl and heroin. Investigators also located approximately $11,543.00 in U.S. currency and what lab analysis determined to be a total of 48.28 grams of fentanyl, an amount consistent with distribution.

While the total amount of heroin and fentanyl attributable to GALLION is not subject to precise calculation, the parties estimate that GALLION is accountable for more than 10 grams but less than 20 grams of heroin and more than 40 grams but less than 160 grams of fentanyl.

## 5.   **STATUTORY PENALTIES**

### COUNTS I AND II

The defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty in Counts I and II is imprisonment of not more than 20 years, a fine of not more than $1,000.000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three (3) years.

## 6.   **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

4

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

COUNTS I and II

**a.  Chapter 2 Offense Conduct:**

**(1)  Base Offense Level:**  The parties agree that the base offense level is 24, as found in Section 2D1.1. The parties agree that the converted drug weight for which the defendant is accountable, including relevant conduct, is at least 100 kilograms but less than 400 kilograms, resulting in the agreed Base Offense Level.

**(2)  Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:  None.

**b.  Chapter 3 Adjustments:**

**(1)  Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

5

**c.  Other Adjustment(s)/Disputed Adjustments:** The parties have no further agreement regarding any other adjustments.

**d.  Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is 21. Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1.  If the Court finds the defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI.  The defendant has discussed this possibility with defense counsel.  Both parties reserve the right to argue that the defendant is or is not a Career Offender.

**e.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, sentences the defendant within or below that range or in accordance with the joint recommendation of the parties, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, adopts the agreed Total Offense Level, and sentences the defendant within or above that range, or in accordance with the joint recommendation of the parties.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought

7

under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8.   OTHER

a. **Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

c. **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished.

d. **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant

8

toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following:

e.    Approximately $11,543.00 U.S. Currency;

f.    2014 Jeep Grand Cherokee, VIN: 1C4RJFDJ6EC498477;

g.    2012 Audi A5 Coupe, VIN: WAULFAFR0CA000647; and

    h.      A Sturm Ruger MINI 14 .223 caliber Rifle, with ammunition and attachments.

The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners.  The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9.    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

10

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.   CONSEQUENCES OF POST-PLEA MISCONDUCT

11

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.   NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

9/1/2022
Date

_____   PHIL D'AGROSA
ANGIE E. DANIS, #64805       For
Assistant United States Attorney

9-1-22
Date

_____
LAVONTA GLENTWON GALLION
Defendant

9/1/22
Date

_____
JERMAINE WOOTEN
Attorney for Defendant

12